IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br>REO BENALLY,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION IN LIMINE IN PART AND SETTING EVIDENTIARY HEARING<br><br><br><br>Case No. 2:03-CR-799 TS |

This matter comes before the Court on Defendant's Motion in Limine. Defendant seeks an order excluding evidence of four incidents which the government intends to introduce under Federal Rules of Evidence 413 and 414. For the reasons discussed below, the Court will deny Defendant's Motion in part. The Court will permit the government to introduce evidence relating to the second, third, and fourth incident. Further, the Court will set an evidentiary hearing to allow the government an opportunity to present evidence concerning the first incident in order to determine whether evidence of that incident should be admitted.

# I.  BACKGROUND

In anticipation of the trial previously scheduled in this matter, the government submitted a Notice of Intent to Use Evidence Pursuant to Fed.R.Evid. 413 and 414.[1]  The government gave notice that it intended to introduce evidence of four prior incidents in which Defendant was involved or was alleged to have been involved in a sexual assault or child molestation. Defendant has now filed a Motion in Limine seeking to exclude this evidence under Rule 403,[2] to which the government has responded.[3]

## II.  EVIDENCE THE GOVERNMENT SEEKS TO INTRODUCE

The government seeks to introduce evidence of the following incidents:

1.      Victim 1 is a female family member of Defendant.  In approximately 1982 to 1984, when Victim 1 was approximately 10 to 12 years old, Defendant allegedly forcibly engaged in a sexual act with her.  This incident occurred in the hogan at the sheep camp.  Victim 1 denied that she was raped at first, but later stated that Defendant had raped her.  Another person was present when this incident occurred.  Criminal charges were not filed.

2.      On January 9, 1968, Defendant entered the home of a young female family member (Victim 2), chased her outside, choked, hit, and raped her.  Defendant plead guilty to assault and battery and the rape charge was dismissed.

3.      On August 10, 1969, Defendant forcibly engaged in a sexual act with a different young female family member (Victim 3, approximately 12 years old).  The act occurred away

---

[1]Docket No. 122.

[2]Docket No. 168.

[3]Docket No. 194.

from the family home, was done with force and a weapon, and resulted in an act of rape.

Defendant was convicted of rape on January 6, 1970, following a jury trial.

4.      On June 30, 1968, Victim 4, a 14 year old female, was raped by Defendant when she was

home alone.  Defendant plead guilty to rape.

## III.  STANDARD

Federal Rule of Evidence 413 states: "In a criminal case in which the defendant is accused of an offense of sexual assault, evidence of the defendant's commission of another offense or offenses of sexual assault is admissible, and may be considered for its bearing on any matter to which it is relevant."[4]  Rule 414 states: "In a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant."[5]

The Tenth Circuit has stated that, under these rules, evidence must meet three threshold requirements before it may be admitted.[6]  First, the Court must determine that the defendant is accused of an offense of sexual assault or child molestation.[7]  Second, the Court must find that the evidence proffered is evidence of the defendant's commission of another offense or offenses

---

[4]Fed.R.Evid. 413(a).

[5]Fed.R.Evid. 414(a).

[6]*United States v. Guardia*, 135 F.3d 1326, 1328 (10th Cir. 1998).  The Court in *Guardia* dealt exclusively with Rule 413, but the same requirements are also applicable to Rule 414.  *See United States v. McHorse*, 179 F.3d 889, 897–98 (10th Cir. 1999) (holding that evidence offered under Rule 414(a) must meet three requirements set out in *Guardia*).

[7]*Id*.

of sexual assault or child molestation.[8]  Third, the Court must determine that the proffered

evidence is relevant.[9]

Additionally, while Rules 413 and 414 remove the prohibition against propensity and

character evidence set up by Rule 404(b), evidence admitted under these rules is still subject to

the Rule 403 balancing test.[10]  Rule 403 excludes otherwise relevant evidence "if its probative

value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or

delay, waste of time, or needless presentation of cumulative evidence."[11]

> Rule 403 requires that if the trial court concludes that the probative value of the
> similar crimes evidence is outweighed by the risk of unfair prejudice it must
> exclude the evidence.  But the exclusion of relevant evidence under Rule 403
> should be used infrequently, reflecting Congress' legislative judgment that the
> evidence "normally" should be admitted.[12]

The Tenth Circuit has set out the applicable test under Rule 403 in sexual assault and

child molestation cases.  The Court is to consider:

> 1) how clearly the prior act has been proved; 2) how probative the evidence is of
> the material fact it is admitted to prove; 3) how seriously disputed the material
> fact is; and 4) whether the government can avail itself of any less prejudicial
> evidence.  When analyzing the probative dangers, a court considers: 1) how likely
> it is such evidence will contribute to an improperly-based jury verdict; 2) the

---

[8]*Id.*

[9]*Id.*

[10]*Id.* at 1329 (holding that Rule 403 balancing test applies to evidence submitted under
Rule 413).  *See also United States v. Meacham*, 115 F.3d 1488, 1495 (10th Cir. 1997)
(concluding the evidence proffered under Rule 414 is subject to Rule 403 balancing).

[11]Fed.R.Evid. 403.

[12]*United States v. Enjady*, 134 F.3d 1427, 1433 (10th Cir. 1998).

extent to which such evidence will distract the jury from the central issues of the trial; and 3) how time consuming it will be to prove the prior conduct.[13]

Additionally, the Court must also "make a preliminary finding that a jury could reasonably find by a preponderance of the evidence that the 'other act' occurred."[14]

The Tenth Circuit has instructed that "[b]ecause of the unique nature of character evidence, it is important that the trial court 'make a reasoned, recorded' statement of its 403 decision when it admits evidence under Rule 413-415."[15]  Because of the sensitive nature of the balancing test in these cases, it is "'particularly important for a district court to fully evaluate the proffered Rule 413 [or 414] evidence and make a clear record of the reasoning behind its findings.'"[16]

## IV.  ANALYSIS

The first thing the Court must consider is whether the evidence to be offered meets the initial three requirements discussed above.  First, Defendant is accused of an offense of sexual assault or child molestation.  The Indictment reads as follows:

> On or about August 23 or 24, 2003, . . . Reo Benally, the defendant herein . . . did knowingly and by the use of force engage in a sexual act with the victim, a person who at that time had attained the age of 12 years but had not attained the age of 16 years, and who was at least 4 years younger than the defendant, that is, the defendant intentionally touched, not through the clothing, the genitalia of the victim with an intent to abuse, humiliate, degrade, and arouse and gratify the

---

[13]*Id.*  Since the language of Rule 413 and 414 is nearly identical, the same factors should be considered with regard to both rules.  *See McHorse*, 179 F.3d at 898 (applying *Enjady* test to evidence offered under Rule 414).

[14]*Enjady*, 134 F.3d at 1433.

[15]*United States v. Castillo*, 140 F.3d 874, 884 (10th Cir. 1998).

[16]*Id.* (quoting *Guardia*, 135 F.3d at 1331).

sexual desire of any person, and attempted to do so, all in violation of 18 U.S.C.
§§ 2241(c) and 1153(a).

Therefore, the first element has been met.

Second, the evidence proffered is evidence of Defendant's commission of another offense or offenses of sexual assault or child molestation.  The evidence offered by the government details four incidents of sexual assault or child molestation which Defendant is alleged to have been involved in.  Therefore, this second element is met.

Finally, the evidence is relevant.  The evidence proffered tends to show that Defendant has a propensity to commit sexual offenses against young females, especially young female family members.  Additionally, the proffered evidence involves incidents which are similar in nature to each other and to the charged offense.  All involve young females, most involve young female family members.  All of the individuals involved in those incidents are similar in age and are similar in age to the individual involved in the charged offense.  Many of the incidents involved either the use of force or a weapon, as did the charged incident.  Finally, at least one of the incidents was committed when another person was present, as was the charged offense. Therefore, this element is met.

Having concluded that the evidence proffered meets these threshold requirements, each incident must be examined under the 403 balancing test set out in *Enjady*.[17]

As for the third and fourth incidents, these resulted in a jury verdict of guilty and a guilty plea, respectively.  Defendant concedes that the third and fourth acts have been proven. Therefore, these acts are sufficiently proven under the first factor.  With regard to the second incident, Defendant ultimately plead guilty to assault and battery, but the rape charge was

---

[17]134 F.3d at 1433.

dismissed.  Despite this, the facts of this incident are sufficiently stated in the final pre-sentence report.  Therefore, this act has been sufficiently proven.  The first incident, however, did not result in a conviction or a guilty plea.  Therefore, the Court finds it necessary to hold an evidentiary hearing to determine whether a jury could reasonably find, by a preponderance of the evidence, that this first incident occurred.[18]  As a result, the remainder of the Court's order will only address the second, third, and fourth incidents.

Second, these incidents do have probative value of the fact that it is admitted to prove. The Tenth Circuit has stated that "[u]ncharged prior sexual acts are probative if they are similar to the charged crimes."[19]  Some factors the Court should consider in determining the probative value of the prior incidents include: the similarity of the prior acts to the acts charged; the closeness in time of the prior acts; the presence or lack of intervening events; and the need for evidence beyond the testimony of the defendant and the alleged victim.[20]

First, the similarity of the prior acts to the acts charged has been discussed above.  The incidents which the government seeks to introduce contain a number of similarities to the incident alleged in this case.  The incidents involve young females, mostly young female family members.  The individuals involved in the prior incidents are similar in age to each other and are similar in age to the individual involved in the charged offense.  Additionally, many of the incidents involved either the use of force or a weapon, as did the charged incident.  Thus, the similarity of these incidents shows that they are highly probative.

---

[18]*Enjady*, 134 F.3d at 1433.

[19]*United States v. Mann*, 193 F.3d 1172 (10th Cir. 1999).

[20]*Guardia*, 135 F.3d at 1331.

7

Second, the closeness in time of the prior acts must be considered.  The three incidents addressed in this Order occurred in 1968 and 1969.  The Tenth Circuit has stated that "there is no time limit beyond which prior sex offenses by a defendant are inadmissible."[21]  That court has said that "as a practical matter, evidence of other sex offenses by the defendant is often probative and properly admitted notwithstanding very substantial lapses of time in relation to the charged offense or offenses."[22]  The Tenth Circuit has held that prior acts which were over thirty years old were admissible under Rule 414.[23]  The Court recognizes that the acts involved in the second, third, and fourth incidents did take place a substantial time ago.  The Court finds, however, that these incidents are still highly probative, despite their age.

Third, the Court must consider the presence or lack of intervening events.  The second, third, and fourth incidents occurred during a twenty-month period in 1968 and 1969.  The first incident occurred sometime between 1982 and 1984.  There are no other alleged incidents between 1969 and 1982, and there are none after 1984.  Thus, there is a lack of intervening events.  Despite the lack of intervening events, the Court finds that these incidents have probative value.

Finally, the need for other evidence is clear.  The government is relying on child witnesses and Defendant will surely challenge the credibility of these witnesses.  Because of all

---

[21]*Meacham*, 155 F.3d at 1492.

[22]*Id.*

[23]*Id.* at 1490–95.  *See also United States v. Velarde*, 2004 WL 304342 (10th Cir. 2004) (events occurred 20 years prior); *United States v. Koruh*, 2000 WL 342252 (10th Cir. 2000) (evidence of events which allegedly occurred 16 to 19 years before trial were admissible).  *But see Doe v. Glanzer*, 232 F.3d 1258, 1269 (9th Cir. 2000) (finding that 15 years was too remote under Rule 415).

8

of these considerations, the Court believes that this evidence is necessary and has probative value.

Third, the material fact is disputed. The material fact is whether Defendant sexually assaulted the victim. This is the key issue in this case and is hotly disputed.

Fourth, the government would be unable to avail itself of any less prejudicial evidence. As just noted, the only other evidence is the testimony of child witnesses, whose credibility will be challenged by Defendant. Therefore, there is no other evidence which would be less prejudicial. Further, Defendant's position is in direct opposition to the victim's and the witness' position.

Considering the probative dangers, Defendant raises the concern that if the jury is informed of all of these incidents, the jury may come to an improper verdict. While the Court recognizes this concern, the Court believes that this concern can be lessened by limiting that evidence which is admitted concerning these incidents, as well as providing limiting instructions to the jury. Also, the Court is not concerned that such evidence will distract the jury from the central issues of the trial. Any concern the Defendant may have can be addressed by limiting the amount of evidence which is offered on these incidents and providing limiting instructions to the jury. Finally, there is a possibility that this evidence will be slightly time consuming, especially considering the use of interpreters. However, the Court believes that the evidence will not be so time consuming as to warrant its inclusion.

Based on these considerations, the Court finds that the probative value of the evidence at issue in the second, third, and fourth incidents is not substantially outweighed by the danger of unfair prejudice to Defendant. Therefore, the Court will allow the admission of evidence on the

second, third, and fourth incidents.  The Court will reserve ruling on the admissibility of evidence concerning the first incident until after an evidentiary hearing.

## V.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion in Limine (Docket No. 168) is DENIED IN PART. The Court will allow the government to introduce evidence concerning the second, third, and fourth incidents.  The Court will reserve ruling on the admissibility of evidence concerning the first incident until after an evidentiary hearing.  It is further

ORDERED that an evidentiary hearing concerning the admissibility of evidence concerning the first incident will be held on June 1, 2006, at 3:30 p.m.

DATED   May 25, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge